UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

MARGIE SNOODY,

Plaintiff,

v.

SAVANNAH MOTORS, et. al.,

Defendants.

Case No. CV405-203

## REPORT AND RECOMMENDATION

Plaintiff filed this action on October 28, 2005, to recover damages resulting from the sale and subsequent repossession of a vehicle purchased by plaintiff from defendant Savannah Motors ("defendant"). Doc. 1. On November 22, 2005, defendant timely answered and filed a counterclaim for actual and consequential damages resulting from plaintiff's alleged breach of a "Supplemental Conditions Agreement." Doc. 7. Plaintiff did not file a responsive pleading to this counterclaim. On March 7, 2006, plaintiff filed a motion for leave to file an answer to the counterclaim. Doc. 17. Defendant opposes the motion and has filed a motion for default judgment

on the counterclaim. Doc. 18. Plaintiff has replied in opposition. Doc. 20.

Plaintiff generally alleges that she purchased a minivan from defendant after she had applied and was approved for financing with an interest rate of 18.95%. Doc. 1 at 3-4. Defendant allegedly offered the sales contract for purchase by co-defendant Citifinancial Auto.[1] Doc. 1 at 4. Citifinancial declined to purchase the note. Doc. 1 at 4. As a result, defendant informed plaintiff that her loan would be denied and that she would need to sign new loan documents, with an interest rate of 23.95%. Doc. 1 at 4. Plaintiff acquiesced to the new terms; however, defendant subsequently informed her of its intention to cancel the sales contract and repossess the vehicle. Doc. 1 at 4-5. Plaintiff did not relinquish the vehicle, and defendant had the car repossessed by a third party, allegedly without proper notice to plaintiff. Doc. 1 at 5.

In its answer, defendant submitted a counterclaim alleging that plaintiff breached a "Supplemental Conditions Agreement," which included the provision that defendant could repossess the vehicle if plaintiff provided false financial information regarding her loan application. Doc. 7 at 9-10.

---

[1]Citifinancial was dismissed without prejudice on February 1, 2006 following plaintiff's stipulation of dismissal. Docs. 14, 15.

Defendant alleges that plaintiff did provide false financial information, leading to the repossession. Doc. 7 at 9. Defendant, in its counterclaim, requests compensation for the costs of repossession plus the costs of defending this action. Doc. 7 at 10. Defendant also asks the Court for judgment in its favor and to dismiss the case. Doc. 7 at 10.

Following the November 22, 2005 counterclaim, plaintiff should have filed a reply to the counterclaim by December 12, 2005, pursuant to Rule 12(a)(2) of the Federal Rules of Civil Procedure.[2] Failure to respond to the defendant's claim for affirmative relief may allow entry of default judgment in favor of defendant on the counterclaim.[3] However, default judgments are not favored by the courts. Ochoa v. Principal Mut. Ins. Co., 144 F.R.D. 418, 420 (N.D. Ga. 1992). Therefore, upon a showing of good cause, the Court should not enter a default judgment. Id.

---

[2] "The plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer . . . ." Fed. R. Civ. P. 12(a)(2). The certificate of service attached to defendant's answer states that the counterclaim was served on plaintiff November 22, 2005. Doc. 7 at 12.

[3] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). "The provisions of [Rule 55] apply [if] the party entitled to the judgment by default is . . . a party who has pleaded a cross-claim or counterclaim." Fed. R. Civ. P. 55(d).

The Court has wide discretion in determining whether there is good cause for plaintiff's default. Lee v. Huttig Bldg. Prod., Inc., 2005 WL 2266591, *2 (M.D. Ga. Sept. 16, 2005). Courts consider several factors to determine whether the defaulting party has shown good cause, including if the defaulting party has a meritorious defense, how promptly the party acted to cure the default, the willfulness of the default, and whether the non-defaulting party would be prejudiced. See Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 233 (N.D. Ga. 1975).

The Court finds that plaintiff has shown good cause to excuse her default on defendant's counterclaim. Plaintiff may have a meritorious defense that the defendant, rather than plaintiff, breached a contract between the parties. Furthermore, plaintiff sought to correct her default immediately upon realizing her failure to answer the counterclaim, apparently following the Joint Status Report of March 6, 2006. Doc. 16. Defendant does not allege that plaintiff's default was wilful. Doc. 20 at 2. Allowing plaintiff to answer the counterclaim will not unduly prejudice defendant as defendant's counterclaim embodies much of its defense against plaintiff's complaint. See Ochoa, 144 F.R.D. at 420.

Because plaintiff has shown good cause to excuse her default, the Court recommends that defendant's motion for default judgment be **DENIED**. Plaintiff's motion for leave to file an out-of-time reply to defendant's counterclaim should be **GRANTED**. The Clerk should be **DIRECTED** to promptly file plaintiff's reply (doc. 17, Ex. A) into the record.

**SO REPORTED AND RECOMMENDED this 19th day of April, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA